UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JONASER CASTANEDA and GREG PALIARO, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>V.<br><br>EMPATH, LLC,<br><br>Defendant. | CIVIL ACITON NO.<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Defendant, Empath, LLC. ("Empath"), failed to pay Plaintiffs, Jonaser Castaneda and Greg Paliaro, and its other Technicians for all hours worked and also failed to pay appropriate overtime wages when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. In addition, Empath makes improper deductions from Plaintiffs' wages, causing Plaintiffs to be paid less than the statutory minimum and overtime wage required by Sections 206 and 207 of the FLSA. As a result, Empath violates the minimum and overtime wage provisions of the FLSA.

2. Plaintiffs and the similarly situated employees they seek to represent, are current and former employees of Empath, who worked as Technicians within the last three years (hereinafter referred to as the "Class Members").

3. Empath's pay practices and policies applied not only to Plaintiffs, but also to all Class Members. Therefore, Plaintiffs bring this suit on behalf of themselves and all other similarly situated Technicians.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. Venue is proper in the Middle District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

6. Plaintiff, Jonaser Castaneda, lives in the Metairie, Louisiana. Plaintiff has been employed by Empath as a Technician since June 2018. His written consent is attached hereto as Exhibit 1.

7. Plaintiff, Greg Paliaro, lives in the Destrehan, Louisiana. Plaintiff has been employed by Empath as a Technician since July 2017. His written consent is attached hereto as Exhibit 2.

8. The class of similarly situated employees consists of all Technicians who worked for Empath within the last three years (hereinafter referred to as "Class Members").

9. Empath is a Missouri limited liability company that may be served through its registered agent, Missouri Business Services, Inc., 1650 Des Peres Rd., Suite 150, St. Louis, MO 63131.

## FLSA COVERAGE

10. At all times relevant to this dispute, Empath has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

11. At all times relevant to this dispute, Empath has bene an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

12. At all time relevant to this dispute, Empath has had annual gross sales in excess of $500,000.

13. At all times relevant to this dispute, Plaintiffs and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

14. Empath provides telecommunication and installation service, specifically installing DirecTV and Exede Internet, for residential and commercial clients.

15. Plaintiffs were hired to work as Technicians for Empath. Empath controls Plaintiffs' conditions of employment. For instance, Empath determines their pay rate, determines the amount to be deducted from their wages through charge-backs, and sets policies and procedures that Plaintiffs and other Class Members are required to follow.

16. For instance, Plaintiffs and the Class Members were paid a set amount per "job" completed, regardless of time spent on the "job". Plaintiffs and the Class Members regularly worked over forty (40) hours in a work week in order to complete all of their job assignments. Empath, however, did not pay Plaintiffs and the Class Members for all hours worked in order to avoid overtime payments. Empath, through the guise of its payment policies and a unilateral charge-back scheme, denied the rights of Plaintiffs and the Class Members guaranteed to them under the FLSA.

17. Plaintiffs' primary duties as a Technician consists of: (1) driving to Empath's warehouse every week to pick up the supplies and equipment they will require for the week; (2) obtaining a list (or route) of customers they will service that day; (3) driving to customers' homes/businesses to install and/or repair equipment; (4) calling customers to confirm appointments; (5) attending meetings required by Empath; (5) and submitting electronic information of completed jobs at the end of the day.

18. As a Technician, Plaintiffs regularly worked more than forty (40) hours per workweek. In fact, a typical work schedule was six days a week and required Plaintiffs to work more than 55 hours per week, with many weeks requiring him to work even more. Plaintiffs were not a member of management. Neither he nor any other Class Member had authority to: (1) manage an enterprise, (2) hire or fire other employees, (3) set the pay rates of other employees, (4) create policies or procedures to govern Empath's employees, (5) handle employee grievances, (6) determine the type of equipment or materials that Empath could use in its operations, (7) plan and/or set Empath's budget, (8) enter into contracts on behalf of Empath, or otherwise have operational control over Empath's business operations and practices. Moreover, Plaintiffs and the Class Members did not perform office or non-manual work directly related to the management or general business operations of Empath or their customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Empath's business

19. Plaintiffs and Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

20. Empath had the power to discipline and/or terminate Plaintiffs and the Class Members, regularly supervised and controlled work schedules and conditions of employment for Plaintiffs and Class Members, determined the rate and method of payment of wages and commissions, paid Plaintiffs and Class Member wages and made deductions to their wages, and maintained employment records of Plaintiffs and Class Members.

21. In addition, Empath issued Plaintiff a wage check every other week for some (but not all) hours worked by him during that week period.

22. Moreover, Empath deducts the wages earned by Plaintiffs from their wage check for customer charge backs, damage claims, in addition to other items. By deducting these

expenses from Plaintiffs' wages, Plaintiffs, at times, effectively earn less than the statutory minimum and overtime wage required by Sections 206 and 207 of the FLSA during many workweeks.

23. Empath also failed to pay Plaintiffs and the Class Members for all hours worked. Specifically, Empath failed to pay for the time spent by Plaintiffs and the Class Members for duties and responsibilities required of them, including the time spent picking up supplies and equipment from Empath's warehouses, waiting in line at the warehouses to pick up/turn in supplies and paperwork, travel time to the first job of the day, travel time between appointments, and time spent attending meetings, among other things.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other persons employed by Empath as Technician within three (3) years from the filing of this suit who, like Plaintiffs, (i) have not been compensated the correct overtime rate of pay, (ii) have been subjected to improper deductions from their wages, (iii) have not been paid for all hours worked, and/or (iv) have not been compensated at one and a half their regular rate of pay for all hours worked in excess of forty (40) hours in a single week.

25. Empath classified and paid all of its Technicians in the manner described above. Empath also made the same improper deductions from the Class Members' wages and calculated their regular (and overtime) rate of pay in the same manner. In this regard, Empath maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiffs.

26. Empath's Technicians all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, or require

less supervision than another employee in the same or similar position. In this regard, the Class Members are similar to Plaintiffs.

27. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

28. Empath possess the names and addresses of all Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and be given an opportunity to join. Like Plaintiffs, these similarly situated workers are entitled to recover their unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

*"All of Empath's current and former Technicians who worked for Empath for the past three years and have been deprived of wages for work performed."*

## CAUSES OF ACTION

29. Plaintiffs incorporates the allegations in the preceding paragraphs.

30. Empath made improper deductions to Plaintiffs and Class Members wages, and failed to pay them appropriate minimum and overtime wages required by the FLSA for all hours worked.

31. Plaintiffs and the Class Members were not paid the correct overtime rate of pay when they worked more than forty (40) hours in a work week. Instead Empath paid Plaintiffs and the Class Members through on a "job" completed basis that failed to take into account the actual hours worked. Empath's failure to pay Plaintiffs and the Class Members the correct overtime rate of pay violated the FLSA.

32. Empath's failure to pay overtime wages to Plaintiffs and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years

statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

33. Plaintiffs and the Class Members are entitled to minimum wages for all hours worked up to forty (40) in a work week, overtime wages for all hours worked in excess of forty (40) in a work week, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action 29 U.S.C. § 216(b).

## JURY DEMAND

34. Plaintiffs hereby demand a trial by jury.

## PRAYER

Plaintiffs respectfully requests that judgment be entered against Empath, LLC, awarding them and all similarly situated employees:

a. Wages for all hours worked up to forty (40) per week;

b. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and half times his regular rate of pay;

c. An equal amount as liquidated damages;

d. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

e. Such other and further relief as may be required by law.

**[SIGNATURE ON NEXT PAGE]**

Respectfully Submitted:

*/s/ George B. Recile*

_____
GEORGE B. RECILE (#11414)
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
ZACHAR R. SMITH (#37316)
ANYA M. JONES (#36923)
*Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P.*
One Galleria Boulevard, Suite 1100 Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 613-4528
*Counsel for Plaintiffs*